IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CAROL ANDERSON<br><br>    Plaintiffs,<br><br>v.<br><br>ALAN D. WELLS,<br><br>    Defendant. | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS, DENYING PLAINTIFF'S MOTION FOR SANCTIONS AND MEMORANDUM DECISION**<br><br>Civil No. 2:07 cv 81 TC<br><br>Judge Tena Campbell<br><br>Magistrate Judge Brooke C. Wells |

This case involves an alleged breach of contract between former spouses. The instant motions before the court are Defendant's motion to dismiss[1] and Plaintiff's motion to strike, motion for sanctions, and a request for an "order from this court prohibiting the defendant from disposing of his assets prior to the conclusion and disposition of this matter."[2] As outlined below the court DENIES Defendant's motion to dismiss, deems MOOT Plaintiff's motion to strike, DENIES Plaintiff's motion for sanctions, and ORDERS Plaintiff to file a formal motion concerning the disposition of assets.

After Plaintiff filed the instant case on February 13, 2007, Defendant filed a document titled "Answer to Complaint and Motion to Dismiss." Contained in this pleading is a short introductory two sentence paragraph arguing that the Complaint should be dismissed. Defendant

---

[1] *See* Def.'s mtn. to dismiss, docket no. 5.
[2] Pla.'s mtn. to strike p. 4, docket no. 7.

states that a summons was served upon him but it must have been in error.  His true and correct name is Allen D. Wills, and the Complaint is titled Alan D. Wells.  Thus, the Complaint should be dismissed.  Defendant then goes on to answer the Complaint in the remainder of this pleading.

In response Plaintiff "admits there was a typographical error in the complaint as written."[3]  Instead of using the letter "i" in Defendant's last name the letter "e" was used.[4]  Plaintiff alleges that this was due to Plaintiff's attorney running a spell check on the computer with automatic correction.[5]  Notwithstanding this error, Defendant accepted service and admits in his answer that he was married to Plaintiff.  In further support of Plaintiff's position, Plaintiff offers an affidavit identifying Mr. Wills as the man to whom she was married, and the individual to whom she allegedly loaned the money that is the subject of the contract.  Plaintiff also identifies Mr. Wills' signature.  Plaintiff argues that Defendant's conduct is deceptive, misleading, and simply a ploy to give him further time to "hide and divest himself of his assets."[6]  Accordingly, Plaintiff seeks three forms of relief: (1) the striking of Defendant's motion to dismiss; (2) the imposition of sanctions against Defendant because his attempt at deception required further litigation; and (3) an order precluding Defendant from disposing of his assets.

After reviewing the record before the court, the court finds that Allen D. Wills, the individual who filed the answer and motion to dismiss, is the proper Defendant in this case.  It is apparent that Plaintiff made a spelling error when preparing the Complaint.  Accordingly, Defendant's motion to dismiss is DENIED.  It is further ORDERED

---

[3] Pla.'s mtn to strike p. 1.
[4] From a reading of the parties' memoranda it also appears that Mr. Wills' first name was misspelled.
[5] Pla.'s mtn to strike p. 1.
[6] *Id.* p. 2.

that Plaintiff's motion to strike is deemed MOOT, and Plaintiff's motion for sanctions is DENIED.  Defendant's conduct at this time does not warrant the imposition of sanctions.  It is further ORDERED

that Plaintiff is hereby directed to file an amended Complaint with the court containing the correct name of Defendant-including his correct first and last name-within thirty (30) days from the date of this order.  Plaintiff is also to serve a copy of the amended Complaint on Defendant.  Defendant may then file a new amended answer or simply reference his original answer.  Finally, it is ORDERED

that, if necessary, Plaintiff is to file a formal motion for an order prohibiting Defendant from disposing of his assets.  A one line request, without any supporting case law and without providing an opportunity for Defendant to respond, is insufficient for obtaining such a restriction upon Defendant.  Thus, Plaintiff's motion for such an order is DENIED without PREJUDICE.

IT IS SO ORDERED.


Dated this 4th day of May, 2007.


*Brooke C. Wells*
Brooke C. Wells
United States Magistrate Judge


3