# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAROL ANDERSEN,<br><br>          Plaintiff,<br><br>vs.<br><br>ALLEN D. WILLS,<br><br>          Defendant. | Case No. 2:07 cv 081 TC<br><br>**REPORT AND RECOMMENDATION**<br><br>Judge Tena Campbell<br><br>Magistrate Judge Brooke C. Wells |

Before the court is Defendant Allen Wills' motion to dismiss.[1] In support of his motion, Defendant argues Plaintiff violated this court's order by failing to provide him with the contract at issue. Defendant further argues that he has failed to receive the pleadings in this case including the Amended Complaint that Plaintiff was instructed to file.[2] Courts may dismiss an action based upon a parties "failure to comply with court orders and failure to prosecute."[3] Here, however, the court finds Plaintiff has not willfully disobeyed court orders. Therefore, the court recommends that Defendant's motion be DENIED. Next, the court orders the parties to meet, confer and submit a proposed schedule. Finally, the court also grants Plaintiff's motion for leave to file an amended motion.

---

[1] Docket no. 22.
[2] *See* Mtn. p. 1.
[3] *Whatcott v. City of Provo*, 2006 WL 715763, *1 (10th Cir. 2006); *see also Jones v. Thomspon*, 996 F.2d 261, 264 (10th Cir. 1993).

In opposing Defendant's motion, Plaintiff asserts that copies of documents were mailed to Defendant as required by the court.[4]  A review of the record supports Plaintiff's position. Attached to the documents filed by Plaintiff is a certificate of service indicating that a copy of the items filed with the court were mailed to an address for Defendant in Gilbert, Arizona. Further, as noted in a letter from Chief Deputy Clerk Louise York, Defendant is obligated to "keep abreast of the court file"[5] and inform the court if Defendant's address has changed or is incorrect.  Simple miscommunications, which appear to be present here, can be easily avoided if all parties are diligent in their responsibilities to prosecute or defend a lawsuit.

Therefore, after reviewing the record, the court finds that Defendant's motion to dismiss is lacking in support and should be DENIED.

Next, pursuant to Rule 16[6] the parties are ordered by the court to meet, confer and submit to the court a proposed schedule.  The Attorneys Planning Meeting Report and Proposed Scheduling Order forms are available on the court web site at http://www.utd.uscourts.gov/documents/formpage.html.  A joint proposed schedule should be submitted to the court by January 18, 2008.

Finally, Plaintiff seeks leave to file an amended motion for temporary restraining order.[7] Previously this court denied Plaintiff's motion for temporary restraining order because it was not

---

[4] *See* Op. p. 1.
[5] Letter from Louise York to Defendant dated October 17, 2007.
[6] Fed. R. Civ. P. 16.
[7] Docket no. 19.  In Plaintiff's original motion for temporary restraining order Plaintiff sought to prevent Defendant from transferring, disposing, selling, giving, or liquidating assets until this matter is resolved.  The court presumes Plaintiff's amended motion would seek similar restrictions.

supported by the record. Plaintiff argues that the court should permit an amended motion because the first motion had an unintentional error misspelling Defendant's name.[8] If Plaintiffs new motion is substantially different from the first-to wit not relying on alleged misconduct by Defendant that was in fact due to Plaintiff's own errors-then it may be filed and will be duly considered by the court. Presuming Plaintiff's amended motion will be markedly different than the first, the court GRANTS Plaintiff leave to file an amended motion for temporary restraining order.

Based on the foregoing, the court recommends that Defendant's motion to dismiss be DENIED. The court further ORDERS the parties to meet, confer and submit a proposed schedule to the court by January 18, 2008. And finally, the court GRANTS Plaintiff's motion to file an amended motion for temporary restraining order.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to the Report and Recommendation within ten days after receiving it. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 3rd day of December, 2007.

Brooke C. Wells
United States Magistrate Judge

---

[8] *See* Mtn. p. 1-2.