IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| CAROL ANDERSEN,<br><br>        Plaintiff,<br><br>vs.<br><br>ALLEN D. WILLS,<br><br>        Defendant. | Case No. 2:07 cv 081 CW<br><br>**REPORT AND RECOMMENDATION**<br><br>Judge Clark Waddoups<br><br>Magistrate Judge Brooke C. Wells |
|---|---|

On August 13, 2008, Plaintiff Carol Anderson filed a motion for partial summary judgment. In her motion Plaintiff seeks an order from this court finding that there is a valid contract between the parties and that Defendant breached the contract.[1] Defendant has failed to oppose the motion and has failed to respond to this Court's Order to Show Cause giving Defendant until October 31, 2008 to show good cause why Plaintiff's motion should not be granted.[2] Additionally, the Court noted in its Order to Show Cause that a failure to respond "'may result in the court's granting the motion without further notice.'"[3]

On October 22, 2008, the Court received a letter from Susana Wills the wife of

---

[1] *See* Pla.'s mtn. p. 1 (docket no. 32).
[2] *See* Order to Show Cause, docket no. 34.
[3] *Id.* p. 2 (quoting DUCivR 56-1(f)).

Defendant Allen Wills.  The letter states:

> On August 20, 2008 Allen came home with a note and his house keys and left.  The note read that he is leaving and that the house and everything in it is mine.  I have not heard from him or know of his location.  If this is an [sic] legal matter that would involve me please Write a letter or call me at [redacted].[4]

Thus, it appears that Mr. Wills has left and is not going to defend this action.

Therefore, in accordance with this Court's Order to Show Cause and based upon Defendant's failure to object and the local rules, the Court recommends that Plaintiff's Motion for Partial Summary Judgment be GRANTED.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object.  The parties must file any objection to the Report and Recommendation within ten days after receiving it.  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 4th day of December, 2008.

_Brooke C. Wells_
Brooke C. Wells
United States Magistrate Judge

---

[4] Letter dated October 14, 2008, docket no. 36.